IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>LEODAN VASQUEZ,<br><br>  Defendant. | No. CR07-3039-MWB<br><br>ORDER REGARDING DEFENDANT'S MOTION FOR RELIEF FROM FINAL JUDGMENT |

_____

This case is before me on defendant Leodan Vasquez's *pro se* Motion For Relief From Final Judgment Pursuant To Federal Rule Of Criminal Procedure 60(b) (docket no. 197). In his motion, defendant Vasquez requests my permission to file a Motion To Vacate Sentence and Judgment Pursuant to 28 U.S.C. § 2255 and consider that motion as timely. First, Federal Rule of Criminal Procedure 60(b) concerns victims rights and has no applicability here.[1] Moreover, defendant Vasquez does not need my permission to file his § 2255 motion. However, I cannot consider the timeliness of a § 2255 motion until it

---

[1] If defendant Vasquez intended to cite Federal Rule of Civil Procedure 60(b), that rule is inapplicable to criminal cases. *See United States v. Eggleston*, 24 Fed. App'x 656, No. 01-3658, at *1 (8th Cir. Jan. 16, 2002) ("[W]e agree with the district court that Rule 60(b) applies only to civil cases. . . ."); *see also United States v. Mortimer*, 256 Fed. App'x 468, 469 (3d Cir. 2007) ("Rule 60(b) of the Federal Rules of Civil Procedure . . . applies to civil, not criminal, cases."); *Dubin v. Real,* 191 Fed. App'x 528 (9th Cir. 2006) ("an action under Rule 60(b) of the Federal Rules of Civil Procedure cannot be used to collaterally attack a *criminal* conviction"); *United States v. Triplett,* 166 Fed. App'x 362 (10th Cir. 2006) (holding that Rule 60(b) has no applicability to a criminal proceeding); *United States v. Mosavi,* 138 F.3d 1365, 1366 (11th Cir. 1998) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case . . . .").

is actually filed. *See United States v. McFarland,* 125 Fed. App'x 573, 2005 WL 768731 (5th Cir. 2005); *Green v. United States,* 260 F.3d 78, 82 (2nd Cir. 2001); *Reed v. United States,* 13 Fed. App'x 311, 2001 WL 700811 (6th Cir. 2001); *United States v. Leon,* 203 F.3d 162, 163 (2nd Cir. 2000). Therefore, defendant Vasquez's motion is denied. Only if and when defendant Vasquez files a § 2255 motion will I consider and rule on its timeliness.

**IT IS SO ORDERED.**

**DATED** this 16th day of January, 2014.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA